# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers)**

### ORDER RE:  PLAINTIFF'S MOTION TO REMAND

### I.  INTRODUCTION AND BACKGROUND

On October 12, 2010, Plaintiff Shannon Rider ("Rider") filed a suit against Sears, Roebuck and Co. ("Sears") and Mario Carillo in Los Angeles County Superior Court.  (Docket No. 1, Not. of Removal, Ex. A [Compl.].)  The complaint asserts various state-law causes of action in connection with "ongoing sexual harassment by supervisory employees Doris Webb ("Webb") and defendant Carillo" that Rider suffered.  (Compl. ¶ 7.)  The complaint alleges that both Rider and Carillo are residents of California.  (Id. ¶¶ 2, 3.)  Sears is a citizen of New York and Illinois.  (Not. ¶¶ 16–17.)

After filing the complaint, Rider realized that she had mistakenly named Mario Carillo as a defendant, when she meant to name her supervisor, Mario Gonzalez.  (See Declaration of Stephen A. Ebner ("Ebner Decl."), Ex. 2 [Defendant's Response to Special Interrogatories], Ex. 3 [Deposition of Shannon Rider ("Rider Depo.")] at 44–46.)  This first came to light in early January 2011, when Defendants served responses to special interrogatories that named a Mario Gonzalez—and not Mario Carillo—as Rider's supervisor.  (Ebner Decl., Ex. 2.)  Thereafter, at her deposition on January 26, 2011, Rider testified that she did not have "any concerns or issues with respect to how Mario Carillo treated" her.  (Rider Depo. at 44:13–16.)  She had mistakenly named him as a defendant because she did not know the last name of her supervisor, who was also named Mario.  (Id. at 44:5–9.)  At the deposition, Rider further testified that she did not "know of any reason why [she] should be bringing a claim against Mario Carillo."  (Id. at 46:16–18.)  Defense counsel likely received a transcript of that deposition on or about February

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|----------|------------------------|------|--------------|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

14, 2011.  (Ebner Decl., Ex. 4.)  On February 14, Rider's counsel sent defense counsel an email offering to compromise the claims against Carillo by way of stipulated dismissal.  (Id., Ex. 5.) Two days later, Rider's counsel sent defense counsel a proposed stipulation as to dismissal of Carillo.  (Id., Ex. 6.)  The next day, at defense counsel's request, Rider's counsel sent a revised stipulation of dismissal.  (Id. ¶¶ 8–10 & Ex. 9.)  On March 4, 2011, the parties submitted the proposed stipulation to the state court, and the court approved the stipulation on March 25, 2011. (Not., Ex. H.)  Five days later, on March 30, 2011, Sears removed the action to this Court on the basis of diversity jurisdiction.  (Docket No. 1.)

Rider now moves to remand this case to state court.  (Docket No. 9.)  Rider contends that Sears's removal was not timely under 28 U.S.C. § 1446(b), which requires that a defendant remove a case from state court within thirty days after the case becomes removable.  According to Rider, this case became removable as soon as Sears learned that Carillo, the non-diverse party, had been mistakenly named as a defendant.  For the reasons set forth below, the Court **GRANTS** Rider's motion.

## II.  DISCUSSION

### A. STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.  Defendants may remove any action filed in state court over which federal district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction in a case where all plaintiffs are citizens of different states from all defendants and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.

The federal removal statute also sets a thirty-day timeline for defendants to remove actions filed in state court.  Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  Under Ninth Circuit precedent, "the thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."  Harris v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

Bankers Life & Cas. Co., 425 F.3d 689, 690–91 (9th Cir. 2005) (internal quotations and alteration omitted).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Id. at 694.

## B. APPLICATION

There is no dispute that diversity jurisdiction in this case exists.  The remaining parties are citizens of different states: Rider is a citizen of California, and Sears is a citizen of New York and Illinois.  (Not. ¶¶ 14, 16–17.)  Rider seeks more than $1 million in emotional and mental distress damages alone.  (Not. ¶ 23 & Ex. B.)  Because complete diversity exists and more than $75,000 is in controversy, this Court has subject matter jurisdiction.  See 28 U.S.C. § 1332(a).

Whether removal was proper turns only on whether Sears timely removed the case within the thirty-day time limit established by § 1446(b).  Rider contends that Sears's March 30 removal was untimely because the thirty-day period of removal was triggered at any one of five points in this litigation, all of which occurred more than thirty days before Sears's removal:  (1) when Sears was served with the complaint, (2) at Rider's January 26, 2011, deposition when she acknowledged that she had mistakenly named Carillo as a defendant, (3) when defense counsel received the deposition transcript on or about February 14, (4) when defense counsel received an email from Rider's attorney on February 14 offering to compromise the claims against Carillo, and (5) when Rider's counsel sent defense counsel a proposed stipulation to dismiss Carillo on February 16.  (Mem. at 3.)  Sears, by contrast, contends that the thirty-day removal period did not begin until the state court approved the stipulation to dismiss Carillo on March 25, 2011.  The Court agrees with Rider that the thirty-day removal window began to run when Rider admitted at her deposition on January 26, 2011, that she had "no concerns or issues with respect to how Mario Carillo treated [her]" and that she did not know of any reason why she would bring a claim against Carillo.  (Rider Depo. at 44:13–16, 46:16–18.)

As an initial matter, this case was not removable when filed.  The complaint named as a defendant Mario Carillo, who, like Rider, is a citizen of California.  (See Compl. ¶¶ 2, 3.)  Thus, the initial complaint did not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction."  Harris, 425 F.3d at 690–91.  To the contrary, the initial complaint revealed on its face the fact that federal court jurisdiction did not exist because the plaintiff and a defendant were both citizens of the same state.  Sears had no duty to make further inquiry to determine whether Carillo was in fact the correct defendant, and Sears's possible subjective knowledge that Carillo was not Rider's supervisor and thus not the intended defendant did not render the case removable.  See id. at 694 ("[N]otice of removability under § 1446(b) is determined through

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.") Thus, Sears did not have to remove this case within thirty days of receipt of the initial pleading.

Because "the case stated by the initial pleading [was] not removable," the thirty-day window for removal did not begin until Sears received, "through service or otherwise, . . . a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The Court concludes that Rider's January 26 deposition testimony both qualifies as "other paper" within the meaning of §1446(b) and gave Sears notice that the case had become removable.

### 1. "OTHER PAPER"

As a preliminary matter, deposition testimony qualifies as an "other paper" in the Ninth Circuit. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 887 (9th Cir. 2010) ("[A] plaintiff's response to deposition questions can constitute 'other paper' within the meaning of section 1446(b)."). Sears contends that only documents actually filed in state court can constitute "other paper" that triggers the thirty-day removal window under § 1446(b). (Opp. at 8.) The Ninth Circuit authority cited in support, however, establishes only that materials filed in federal court do not trigger the thirty-day removal period for a state-court action, Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1989), and that materials not received by the state-court defendants do not trigger the removal window, Eyak Native Village v. Exxon Corp., 25 f.3d 773, 779 (9th Cir. 1994). The five district court cases that Sears cites likewise do not hold that a document must be filed in state court to be "recei[ved] by the defendant" for purposes of § 1446(b). Three district court cases simply cite to Peabody and Eyak Native Village. Adelpour v. Panda Express, Inc., No. 10-2367, 2010 WL 2384609, at *4 n.7 (C.D. Cal. June 8, 2010); Rossetto v. Oaktree Capital Mgmt., LLC, 664 F. Supp. 2d 1122, 1129 (D. Haw. 2009); Lopez v. Wal-Mart Stores, Inc., No. 07-968, 2008 U.S. Dist. LEXIS 4831, at *5 n.1 (D. Nev. Jan. 8, 2008) (citing Peabody and Eyak Native Village for the proposition that "there exists some support in the Circuit for the proposition that the 'paper' that triggers the thirty-day period must be an 'official' filing"). Another case simply noted that it was "by no means established that deposition testimony meets the 'other paper' requirement of the removal statute." Fillmore v. Bank of Am., No. 91-0652, 1991 WL 523838, at *3 n.4 (C.D. Cal. Apr. 25, 1991). It has, however, since been established that deposition testimony meets the "other paper" requirement. Finally, the last case that Sears cites held only that a notice did not trigger the § 1446(b) removal period because it did not give the defendant any "way of knowing from the face of th[e] document whether [the non-diverse defendant] had actually been dismissed." Smith v. Int'l Harvester Co., 621 F. Supp. 1005, 1009 (D. Nev. 1985). No cases cited by Sears establish

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

the general proposition that a document must actually be filed in state court in order for it to have put the defendant on notice of the case's removability under § 1446(b). Indeed, the Ninth Circuit's decision in <u>Carvalho</u> in no way indicates that a deposition transcript must be filed in state court before the deposition testimony can trigger the § 1446(b) removal window. <u>See generally</u> <u>Carvalho</u>, 629 F.3d 876.

For these reasons, Rider's deposition testimony qualifies as "other paper" under § 1446(b). Thus, if it could "first be ascertained" from the testimony "that the case [was] one which [was] or ha[d] become removable," that testimony triggered the thirty-day removal period under the statute. <u>See</u> 28 U.S.C. § 1446(b).

### 2. "FROM WHICH IT MAY FIRST BE ASCERTAINED THAT THE CASE IS ONE WHICH IS OR HAS BECOME REMOVABLE"

Rider's deposition testimony also gave Sears notice that the case "ha[d] become removable." In particular, the testimony established removability because it showed that Carillo, the non-diverse defendant, had been fraudulently joined.

Under the doctrine of fraudulent joinder, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations and alteration omitted). "A court may look beyond the pleadings to determine if a defendant is fraudulently joined." <u>Nasrawi v. Buck Consultants, LLC</u>, – F. Supp. 2d –, 2011 WL 846151, at *2 (E.D. Cal. Mar. 8, 2011). Fraudulent joinder can exist even where the plaintiff has no fraudulent intent, and fraudulent joinder "does not necessarily reflect on the integrity of plaintiff or plaintiff's counsel."[1] <u>Simpson v. Union Pac. R. Co.</u>, 282 F. Supp. 2d 1151, 1154–55 (N.D. Cal. 2003). The thirty-day removal period begins to run "from the time defendant first knew or should have known that the nondiverse party had been 'fraudulently' joined and that there is a basis for removal absent such joinder." William W. Schwarzer et al., <u>Rutter Group Practice Guide: Federal Civil Procedure Before Trial</u>, Ch. 2D-7 § 2:3330 (2011) (quoting <u>Jernigan v. Ashland Oil Inc.</u>, 989 F.2d 812, 817 (5th Cir. 1993)) (alteration omitted).

---

[1] Contrary to Sears's contention, no binding authority establishes that the fraudulent joinder doctrine applies only where a defendant was "purposefully . . . joined for the purpose of defeating diversity jurisdiction." (<u>See</u> Opp. at 7.)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

Here, it became clear that Rider could not prevail against Carillo when Rider admitted that Carillo had done nothing wrong and that she knew of no reason to bring a claim against Carillo. This admission established that Carillo had been fraudulently joined in the innocent sense of the term. Such fraudulent joinder rendered Carillo's citizenship irrelevant for purposes of diversity jurisdiction. See Morris, 236 F.3d at 1067. As soon as Sears heard Rider's testimony, it knew or should have known that Carillo had been fraudulently joined and that the case was thus removable on the basis of diversity of citizenship. The thirty-day removal clock therefore started to run at the time of Rider's testimony. See Jernigan, 989 F.2d at 817.

Sears challenges this conclusion on two grounds: it contends (1) that a mistakenly named defendant is not "fraudulently joined" for purposes of removal jurisdiction, and (2) that the case did not become removable until Carillo was actually dismissed from the case. The Court disagrees.

First, Sears cites three out-of-district cases that it contends show that a mistakenly named defendant is not "fraudulently joined" for purposes of determining removal jurisdiction. (Opp. at 7.) One case does not stand for that proposition. In Perez v. Clayton Homes, Inc., the Southern District of Texas did not hold that a mistakenly named defendant was not "fraudulently joined" as a matter of law, but rather simply held that that defendant had "failed to carry its burden" to present evidence showing that the wrong defendant had been named. Perez v. Clayton Homes, Inc., No. 09-314, 2009 WL 4043360, at *3 (S.D. Tex. Nov. 19, 2009). This case is therefore inapposite. The other two cases that Sears cites do hold that a defendant is not "fraudulently joined" where the plaintiff had simply named the wrong business entity. Shenkar v. Money Warehouse, Inc., No. 07-20634, 2007 WL 3023531, at *2 (S.D. Fla. Oct. 15, 2007) ("The fact that a plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the claim, not an issue that bears on the existence of diversity jurisdiction."); Destefano v. Home Shopping Network, Inc., No. 805CV1299T23MSS, 2006 WL 539542, at *2 (M.D. Fla. Mar. 6, 2006) ("[T]hat the plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the plaintiff's claim and otherwise fails to inform whether diversity jurisdiction exists between the named parties to the action."). Notably, however, in those cases the plaintiffs did not admit that they had named the wrong defendant or that they had no claim against the defendants they had named. In any event, the Court is not bound by these cases, and it finds them unpersuasive. The Court is more persuaded by the Eastern District of Texas's decision in Delaney v. Viking Freight, Inc., which held that a case became removable when the plaintiff testified at a deposition that he had never been employed by the non-diverse defendant, testimony that "was tantamount to an admission that Plaintiffs had named the wrong party and could not recover from [the non-diverse defendant]." Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 677 (E.D. Tex. 1999). The Court agrees that a plaintiff's testimony that

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

shows that she could not recover from the non-diverse defendant triggers removability under the fraudulent joinder doctrine.

Second, Sears argues that the case did not become removable until Carillo was <u>actually</u> dismissed from the case. In support, Sears cites several cases in which courts held that settlements with non-diverse defendants and/or a plaintiff's stated intention to voluntarily dismiss a non-diverse defendant did not suffice to render a case removable. Those cases hold that a case does not become removable until the non-diverse defendant is <u>actually</u> dismissed. <u>See</u> <u>Dunkin v. A.W. Chesterson Co.</u>, No. 10-458, 2010 WL 1038200, at *3 (N.D. Cal. Mar. 19, 2010) (holding that "a settlement is insufficient to confer removal jurisdiction where the formal dismissal of the non-diverse defendant has not yet been entered"); <u>Mertan v. E.R. Squibb & Sons, Inc.</u>, 581 F. Supp. 751, 752–53 (C.D. Cal. 1980) (holding that settlement with non-diverse defendant did not render case removable because there was no complete diversity where state court had not yet dismissed that defendant); <u>Motley v. Option One Mortg. Corp.</u>, 620 F. Supp. 2d 1297, 1300 (M.D. Ala. 2009) (holding that notice of intent to dismiss a non-diverse defendant did not render a case removable because "[w]here removal is premised on 28 U.S.C. § 1332, an action is not removable until the non-diverse party is no longer a party to the suit"); <u>Smith</u>, 621 F. Supp. at 1006, 1008 (holding that notice of settlement with non-diverse defendant did not trigger thirty-day removal period because "[i]t was only after the non-diverse [defendant] was dismissed from the suit that federal subject matter jurisdiction arose"). Unlike this case, however, those cases did not involve fraudulent joinder. Where a defendant is not <u>fraudulently</u> joined, the defendant's citizenship remains relevant until the defendant is actually dismissed from the case. Where, by contrast, the non-diverse defendant is fraudulently joined, a court can disregard that defendant's citizenship and diversity jurisdiction can exist notwithstanding that defendant's ongoing presence in the suit. For this reason, the cases cited by Sears are inapposite.

In sum, the Court concludes that this case became removable when Rider testified on January 26, 2011, that she had no basis for a claim against Carillo, the non-diverse defendant. Because Sears did not file its notice of removal within thirty days of that date, its removal was untimely under 28 U.S.C. § 1446(b). Rider's motion to remand is therefore **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2700 GAF (FMOx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | Shannon Rider v. Sears Roebuck and Co et al | | |

**III.  CONCLUSION**

For the foregoing reasons, Rider's motion to remand is **GRANTED** and this case is **REMANDED** to Los Angeles County Superior Court.  The hearing on this motion currently scheduled for June 13, 2011, is hereby **VACATED**.

**IT IS SO ORDERED.**